UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM FRANK LOEBLEIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05CV192 DJS |
| ) | (TIA) |
| JAMES PURKETT, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion Requesting Clarification as to Master of the Case and Motion for Appointment of Counsel. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

On February 1, 2005, Petitioner filed a petition under 28 U.S.C. § 2254[1] for a writ of habeas corpus. He filed a motion for clarification as to the master of the case on March 21, 2005. He then filed a motion for appointment of counsel on April 1, 2005, asserting that the law clerk that previously assisted him was fired and that he was not qualified to litigate his claim without competent counsel. Thus, he requests that the court appoint him an attorney.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings . . ." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). In order to determine whether appointment of counsel is appropriate, the court must consider "the factual and legal complexity of the case, and

---

[1] Petitioner argues that his asserting his case under 28 U.S.C. § 2241, not § 2254. However, under Rule 1(a) of the Rules Governing Section 2254 Cases in the United States District Court, § 2254 rules govern habeas petitions filed by "a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws or treaties of the United States." Review of the petition indicates that Petitioner alleges that the state courts denied him access to the courts in his attempt to seek alternative incarceration. Because Petitioner challenges his custody pursuant to a state court judgment, § 2254 applies.

the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Id. (citations omitted). In the instant case, Petitioner raises only one ground for habeas relief, and it does not appear to be factually or legally complex. Further, Petitioner has thus far been able to articulate his claim in a clear, concise manner, despite his allegations that he is not qualified to do so. Because Petitioner has demonstrated an ability to adequately present his claim without an attorney, his motion for appointment of counsel will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel [Doc. #6] is **DENIED**. If the Court later determines that counsel is necessary, the appropriate order will be issued.

**IT IS FURTHER ORDERED** that Petitioner's Motion Requesting Clarification as to Master of the Case [Doc. #4] is **DENIED.**

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of January, 2006.