UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM F. LOEBLEIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:05CV192 DJS |
| ) | (TIA) |
| JAMES PURKETT,[1] et al., ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Petition of William Loeblein for Writ of Habeas Corpus under 28 U.S.C. § 2254. The case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

### Procedural History

Petitioner is currently incarcerated at the Eastern Reception Diagnostic and Correctional Center located in Bonne Terre, Missouri, pursuant to the sentence and judgment of the Circuit Court of St. Charles County, Missouri. In September 1993, Petitioner was convicted of four counts of first degree deviate sexual assault and two counts of first degree sexual assault. The court sentenced him to consecutive terms of seven years in prison on each count. State v. Loeblein, 141 S.W.3d 496, 497 (Mo. App. 2004). Petitioner appealed his conviction and sentence, which the Missouri Court of Appeals affirmed on April 30, 1996. State v. Loeblein, 934 S.W.2d 557 (Mo. App. 1996).

On April 7, 2004, Petitioner filed a request to serve the remainder of his sentence(s) on parole, probation, or some other court approved alternative outside of prison pursuant to Mo. Rev. Stat. § 558.016.8. The trial court denied Petitioner's motion for early release. State v. Loeblein, 141

---

[1] Because Petitioner is challenging a future sentence, Attorney General Jeremiah W. (Jay) Nixon is also a proper party respondent. 28 U.S.C. § 2254, Rule 2(b). Future pleadings should reflect this change in the caption.

S.W.3d 496, 497 (Mo. App. 2004). Petitioner appealed the lower court's determination. On August 24, 2004, the Missouri Court of Appeals dismissed the appeal for lack of jurisdiction, holding that the law did not permit an appeal from an order denying a petition for release. Id. at 497-498. Thereafter, Petitioner filed a Petition for a Writ of Habeas Corpus in federal court.

**Petitioner's Claim**

Petitioner raises one claim for relief in his habeas petition. He asserts that he was denied access to the state courts to fully and fairly litigate his claim for parole. He argues that the trial court erred in not following statutory law under Mo. Rev. Stat. § 558.016.8 (repealed),[2] that the Missouri Court of Appeals erred in dismissing the appeal for lack of jurisdiction, and that the Missouri Supreme Court erred in entering judgment before giving Petitioner the opportunity to file a reply. Respondent contends that Petitioner's claim is not cognizable in federal court. The undersigned agrees.

Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground

---

[2] In 2005, the Missouri legislature deleted subsection 8, which previously read:

> An offender convicted of a nonviolent class C or class D felony with no prior prison commitments, after serving one hundred twenty days of his or her sentence, may, in writing, petition the court to serve the remainder of his or her sentence on probation, parole, or other court-approved alternative sentence. No hearing shall be conducted unless the court deems it necessary. Upon the offender petitioning the court, the department of corrections shall submit a report to the sentencing court which evaluates the conduct of the offender while in custody, alternative custodial methods available to the offender, and shall recommend whether the offender be released or remain in custody.

Mo. Ann. Stat. § 558.016 (West 2007).

that he is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner's claim challenges his access to the state courts in litigating his claim under Mo. Rev. Stat. § 558.016.8 (repealed). He does not challenge his custody in his Petition, Traverse, or any other filed documents. Therefore, his habeas claim is not cognizable, and the Court should dismiss the petition for lack of jurisdiction. See Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) (habeas relief available to state prisoner only on the ground that he is in custody in violation of the United States Constitution or the laws or treaties of the United States) (citation omitted).[3]

Accordingly,

**IT IS HEREBY RECOMMENDED** that the petition of William F. Loeblein for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DISMISSED** without further proceedings.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for

---

[3] To the extent that Petitioner takes issue with the Missouri Court of Appeals' application of the state statute and finding that the statute did not afford him the right to appeal, the claim is also not cognizable. A federal court may not grant habeas relief unless the claim adjudicated on the merits in state court "'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.'" Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999) (quoting 28 U.S.C. § 2254(d)(1)). Issues regarding the interpretation and application of state law are non-cognizable in a federal habeas petition. Shigemura v. Moore, No. 4:07-CV-459(CEJ), 2007 WL 2736306, at *4 (E.D. Mo. Sept. 17, 2007). Thus, Petitioner's claim also fails because it is based on the state court's interpretation and application of Mo. Rev. Stat. § 558.016.8 (repealed).

good cause is obtained. Failure to timely file objections may result in a waiver of the right to appeal questions of fact. Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

        /s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  23rd  day of January, 2008.