UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM F. LOEBLEIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:05CV192-DJS |
| | ) |
| JAMES PURKETT,[1] et al., | ) |
| | ) |
| Respondent. | ) |

ORDER

This matter is before the Court on the report and recommendation of the United States Magistrate Judge [Doc. #23], recommending denial of the instant petition for writ of habeas corpus, and petitioner William Loeblein's objections thereto [Doc. #40]. Pursuant to 28 U.S.C. §636, the Court will conduct a de novo review of those portions of the report and recommendation to which specific objections are made.

**Background**

In September 1993, petitioner was convicted of four counts of first degree deviate sexual assault and two counts of first degree sexual assault. The state court sentenced him to consecutive terms of seven years in prison on each count. Petitioner appealed his conviction and sentence, which the Missouri Court of Appeals affirmed on April 30, 1996.

---

[1]Because petitioner is challenging a future sentence, Attorney General Chris Koster is also a proper party respondent. 28 U.S.C. §2254, Rule 2(b).

On April 7, 2004, petitioner filed a request to serve the remainder of his sentence(s) on parole, probation, or some other court approved alternative outside of prison pursuant to Mo. Rev. Stat. §558.016.8 (repealed).[2] The circuit court denied petitioner's request. Petitioner states in his petition that the circuit court made its decision without first receiving a report and recommendation from the Missouri Department of Corrections concerning his behavior, and in doing so failed to follow the proper process and procedure as set forth in the Missouri statute. Petitioner appealed the lower court's determination. On August 24, 2004, the Missouri Court of Appeals dismissed the appeal for lack of jurisdiction, holding that the law did not permit an appeal from

---

[2]In 2005, the Missouri Legislature deleted subsection 8, which prior thereto read as follows:

> An offender convicted of a nonviolent class C or class D felony with no prior prison commitments, after serving one hundred twenty days of his or her sentence, may, in writing, petition the court to serve the remainder of his or her sentence on probation, parole, or other court-approved alternative sentence. No hearing shall be conducted unless the court deems it necessary. Upon the offender petitioning the court, the department of corrections shall submit a report to the sentencing court which evaluates the conduct of the offender while in custody, alternative custodial methods available to the offender, and shall recommend whether the offender be released or remain in custody. If the report issued by the department is favorable and recommends probation, parole, or other alternative sentence, the court shall follow the recommendations of the department if the court deems it appropriate. Any placement of an offender pursuant to section 559.115, RSMo, shall be excluded from the provisions of this subsection.

2

an order denying a petition for release. Thereafter, petitioner filed a petition for a writ of habeas corpus in federal court.

The matter was referred to the United States Magistrate Judge and, on January 23, 2008, the magistrate judge issued his report and recommendation. The magistrate judge notes that an application for federal habeas relief shall be entertained on behalf of a person in custody pursuant to the judgment of a state court <u>only</u> on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. The magistrate judge finds that petitioner does not challenge his custody in his petition, traverse, or any other filed documents, and therefore finds that petitioner's habeas claim is not cognizable. Further, the magistrate judge finds that to the extent petitioner seeks relief pursuant to the Missouri Court of Appeal's interpretation and application of a Missouri statute, this Court is without jurisdiction because such a claim is not cognizable in a federal habeas petition. Accordingly, the magistrate judge recommends that this Court dismiss the petition for lack of jurisdiction.

**Standard of Review**

As stated above, pursuant to 28 U.S.C. §636(b)(1), the Court gives de novo consideration to those portions of the report and recommendation to which objections are made. In order to trigger such review, however, the objections must be sufficiently

3

specific, addressing particular findings or conclusions of the magistrate judge or asserting specific allegations of error. See, e.g., Nabors v. United States, 929 F.2d 354, 355 (8th Cir. 1990); Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989) (citing Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984)). "[P]roviding a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Goney, 749 F.2d at 7.

**Discussion**

The magistrate judge's report and recommendation analyzes petitioner's request for relief, and recommends that petitioner's writ of habeas corpus be denied. Petitioner objects to the magistrate judge's report and recommendation. He contends that the magistrate judge erred by framing petitioner's due process claim as one seeking release on parole. Petitioner states that he is not arguing that he is entitled to parole, but rather that he is entitled to the procedure developed by the state legislature to determine whether or not he should be released onto parole. He argues that the state court's failure to follow state procedural rules amounts to a violation of his federal due process rights. Doc. #40, pp. 2-4.[3]

---

[3] The Court notes that petitioner raises two other objections to the report and recommendation. First, petitioner objects to the recasting of his 28 U.S.C. §2241 claim as a 28 U.S.C. §2254 claim. However, regardless of how the petition is styled, a federal court may not grant habeas relief

4

It is not the province of a federal court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a state court decision "violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). When a petitioner's claim is "based only on Missouri law and actions of Missouri officials," such a claim "may be addressed only by the Missouri courts." Poe v. Caspari, 39 F.3d 204, 207 (8th Cir. 1994).

In this case, petitioner takes issue with the Missouri court's application of Missouri law. Specifically, he contends that, upon an offender's request to a Missouri circuit court for alternative custodial methods, Mo. Rev. Stat. §558.016.8 (repealed)

---

unless a petitioner's claim implicates a decision that was contrary to or involved an unreasonable application of clearly established federal law. See Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42-43 (3d Cir. 1984) (dismissing a habeas petition brought pursuant to 28 U.S.C. §2241 because petitioner's claim that the state court neglected to reconsider his sentence as required by state law "is not cognizable under 28 U.S.C. §2241," and that petitioner "makes no contention that" his sentence "was the result of discrimination based on race, sex, or similar grounds which would implicate the federal constitution...[n]or is there support for [petitioner's] assertion that the fourteenth amendment confers a due process right to the correct determination of issues of state law").

Second, petitioner asserts that the magistrate judge erred in failing to grant his motion for appointment of counsel. However, "there is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, it is committed to the discretion of the trial court." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). There are several factors a court should consider, including "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel." Id. (citation omitted). In this case, the magistrate judge properly analyzed petitioner's request, see Doc. #15, and this Court finds no error in the denial of appointed counsel.

directs that court to obtain a report and recommendation concerning the offender's behavior prior to making a determination regarding the request. Petitioner avers that he filed such a request, but that his request was improperly denied because the circuit court did not follow the proper statutory process set forth in the Missouri law.

This Court lacks authority to review a state court's interpretation and application of state law. <u>Middleton v. Roper</u>, 455 F.3d 838, 851-52 (8th Cir. 2006). Further, this Court finds that no federal laws or rights are implicated in the instant petition. Petitioner's claim is based on the interpretation and application of Missouri law, which is not a cognizable claim in this Court. Because the Fourteenth Amendment does not confer a federal due process right to the correct determination of issues of state law, the Court is not persuaded by petitioner's attempt to cast his claim as a federal due process claim. The Court finds that it is without jurisdiction to review petitioner's claim.

The Court has reviewed the record, the petition, the magistrate judge's report and recommendation, and petitioner's objections thereto. The Court finds that the report and recommendation sets forth a very thorough and correct analysis of the issues raised in the petition. Petitioner's objections to the report and recommendation are without merit and are denied in their entirety, and the Court will adopt the report and recommendation of the magistrate judge. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections to the report and recommendation [Doc. #40] are overruled.

**IT IS FURTHER ORDERED** that the Magistrate Judge's report and recommendation [Doc. #23] is hereby accepted and adopted.

**IT IS FURTHER ORDERED** that the petition of William Loeblein for a writ of habeas corpus under 28 U.S.C. §2254 [Doc. #1] is denied.

**IT IS FURTHER ORDERED** that no certificate of appealability shall be issued.

**IT IS FURTHER ORDERED** that all remaining motions are denied as moot.

Dated this  24th  day of September, 2009.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE